# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-2019V
Filed: December 17, 2018
UNPUBLISHED

| | |
|---|---|
| RANDALL FENNIG,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Compensation Under the Vaccine Program; Offset; Section 15(g) |

### ORDER[1]

**Dorsey**, Chief Special Master:

  A telephonic status conference was held on December 12, 2018. Ms. Renee Gentry (substituting for Mr. Clifford Shoemaker) appeared on behalf of petitioner and Mr. Voris Johnson appeared on behalf of respondent. Ms. Reiko Suber appeared on behalf of the undersigned as the OSM staff attorney managing this case.

  During the status conference, counsel for petitioner noted that Optum, which purports to be a self-funded ERISA plan, alleges that it has provided over $360,000 in benefits to petitioner and has asserted a lien. Thus, counsel for petitioner sought to clarify whether Optum is entitled to reimbursement of these benefits if petitioner recovers monies in his Vaccine case.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Under the National Childhood Vaccine Injury Compensation Program (the "Vaccine Act" or "Program"),[2] a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in death. §15(a); see also Helman v. Sec'y of Health & Human Servs., No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24 2014) (citing Bruesewitz v. Wyeth, LLC, 131 S.Ct. 1068, 1074 (2011)).

This compensation is then limited by subsequent sections. Punitive and exemplary damages are prohibited, and for unreimbursable expenses and pain and suffering, compensation may be provided only for the "health, education, or welfare of the person who suffered the vaccine-related injury." §15(d).

Additionally, compensation is offset by amounts paid or expected to be paid under an insurance policy and certain State or Federal programs. Section §15(g) provides:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq., i.e. Medicaid), or (2) by an entity which provides health services on a prepaid basis.

Thus, the Vaccine Act is a secondary payer to petitioner's health care insurance. Any award paid to petitioner would not include amounts paid, or expected to be paid, under his health insurance policy.

The plain language of the Vaccine Act does not authorize reimbursement of the benefits paid by Optum. I therefore find that pursuant to the Vaccine Act, Optum would not be reimbursed for its payments for petitioner's treatment in connection with the injury, sickness, accident, or condition which has been alleged, should petitioner recover any monies in this matter.

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[2] The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.