# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-2019V
UNPUBLISHED

|  |  |
|---|---|
| RANDALL FENNIG,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 1, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Renee Ja Gentry, The Law Office of Renee J. Gentry, Washington, DC, for petitioner.*

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

  On December 22, 2017, Randall Fennig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of the influenza vaccine he received on October 17, 2016.  Petition at 1-2.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On October 18, 2018, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 23, 2020, Respondent filed an amended proffer on award of compensation ("Proffer") (ECF No. 80-1) indicating Petitioner should be awarded a lump sum payment of $20,000.08 (consisting of $7,045.00 for partial pain and suffering, and $12,955.08 for past unreimbursable expenses) as well as an amount sufficient to purchase two annuity contracts pursuant to the terms set forth in the Proffer.  Proffer at

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2-5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

1.  **A lump sum payment of $20,000.08,** (consisting of $7,045.00 for partial pain and suffering and $12,955.08 for past unreimbursable expenses), **in the form of a check payable to Petitioner, Randall Fennig;**

2.  **An amount sufficient to purchase an annuity contract subject to the conditions described in the Proffer to provide payments to Petitioner of $3,467.81 per year, for life only, compounding annually at 4.0%, beginning six (6) months from the date of judgment, paid to the Life Insurance Company from which the annuity will be purchased. These payments shall be provided through Respondent's purchase of an annuity, which annuity shall make payments directly to Petitioner, Randall Fennig, only so long as he is alive at the time a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Randall Fennig's death; and**

3.  **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer to provide payments to Petitioner of $20,000.00 one (1) year from date of judgment; $50,000.00 two (2) years from date of judgment; $50,000.00 three (3) years from date of judgment; $50,000.00 four (4) years from the date of judgment; and, $45,555.00 five years (5) years from date of judgment, paid to the Life Insurance Company from which the annuity will be purchased.  These payments shall be provided through Respondent's purchase of an annuity, which annuity shall make payments directly to Petitioner, Randall Fennig, at the time a particular payment is due.**

This amount represents compensation for all damages that would be available under Section 15(a).  **Further, pursuant to Sections 15(g)[3] and (h)[4], the amounts**

---

[3] Section 15(g) specifically states:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under title XIX of the Social Security Act (42 U.S.C. 1396 *et seq.*)), or (2) by an entity which provides health services on a prepaid basis.

[4] Section 15(h) prohibits any health insurance policy from "mak[ing] payment of benefits under the policy secondary to the payment of compensation under the Program."

**awarded herein cannot be used to reimburse any insurer for its payments for Petitioner's treatment in connection with the injury, sickness, accident, or condition which gave rise to this case.**

The Clerk of the Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                      )
RANDALL FENNIG,                                       )
                                                      )
                    Petitioner,                       )
                                                      )      No. 17-2019V **(ECF)**
v.                                                    )      Chief Special Master Corcoran
                                                      )
SECRETARY OF HEALTH                                   )
AND HUMAN SERVICES,                                   )
                                                      )
                    Respondent.                       )
_____)

**RESPONDENT'S AMENDED PROFFER ON AWARD OF COMPENSATION**

On October 17, 2018, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding entitlement to compensation in this matter alleging the Table injury Guillain-Barré syndrome ("GBS") following an influenza vaccination.  On October 18, 2018, the Court issued a Ruling on Entitlement finding Randall Fennig ("petitioner") entitled to compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act").  Respondent now proffers that petitioner receive a compensation award consisting of the following, which represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled:[1]

**I.      Items of Compensation**

      A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, to provide an estimation of petitioner's future needs arising from his GBS.  Respondent proffers that petitioner should be awarded future medical expenses in accordance with Nurse Curtis's life care plan, at an estimated cost $3,467.81 per year.  Petitioner agrees.

---

[1] Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

B.    Pain and Suffering

Respondent proffers that petitioner should be awarded $222,500.00 in actual and

projected pain and suffering for his GBS.  This amount reflects that the award for projected pain

and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

C.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents petitioner's expenditure of past

unreimbursable expenses related to his GBS.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $12,955.08.  Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a combination of lump sum payments and future annuity payments as described below,

and request that the Chief Special Master's decision and the Court's judgment award the

following:[2]

A.  A lump sum payment of $20,000.08, representing payment for partial pain and

suffering and past unreimbursable expenses, in the form of a check payable to petitioner, Randall

Fennig; and,

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions

described below, that will provide payments to petitioner of $3,467.81 per year, for life only,

compounding annually at 4.0%, beginning six (6) months from the date of Judgment, paid to the

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

Life Insurance Company[4] from which the annuity will be purchased. These payments shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Randall Fennig, only so long as he is alive at the time a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Randall Fennig's death.

C. An amount sufficient to purchase an annuity contract, subject to the conditions described below, that will provide payments to petitioner of $20,000.00 one (1) year from date of judgment; $50,000.00 two (2) years from date of judgment; $50,000.00 three (3) years from date of judgment; $50,000.00 four (4) years from date of judgment; and, $45,555.00 five (5) years from date of judgment, paid to the Life Insurance Company from which the annuity will be purchased. These payments shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Randall Fennig, at the time a particular payment is due.

1.   Lump Sum Payments annuity

Should Randall Fennig predecease the certain payment period specified above in Section II.C., any remaining payment(s) shall be made to his estate. However,

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

-3-

written notice to the Secretary of Health and Human Services and the Life Insurance

Company shall be provided within twenty (20) days of Randall Fennig's death.

       D.     The annuity contract(s) shall be owned solely and exclusively by the Secretary of

Health and Human Services and will be purchased as soon as practicable following the entry of

this judgment.[5]  The parties agree that the Secretary of Health and Human Services and the

United States of America are not responsible for the payment of any sums other than the amounts

set forth herein and that they do not guarantee or insure any future annuity payments.  Upon the

purchase of the annuity contract(s), the Secretary of Health and Human Services and the United

States of America are released from any and all obligations with respect to any future annuity

payments.

       The obligation of the annuity company to make each annuity payment shall be discharged

upon the mailing of a valid check in the amount of such payment to the address designated by the

party to whom the payment is required to be made.  Payments lost or delayed through no fault of

the annuity company shall be promptly replaced by the annuity company, but the annuity

company is not liable for interest during the interim.

       The parties stipulate and agree that the annuity payments cannot be assigned, accelerated,

deferred, increased, or decreased by the parties, that no part of any annuity payments called for

herein, nor any assets of the United States or the annuity company, are subject to execution or

any legal process for any obligation in any manner, and that petitioner shall not have the power

or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part

thereof, by assignment or otherwise.

---

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

**III.**     **Summary of Recommended Payments Following Judgment**

A.     Lump Sum paid to petitioner, Randall Fennig:                         **$20,000.08**

B.     An amount sufficient to purchase the annuity contracts described
         above in sections II.B and II.C.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Voris E. Johnson, Jr.
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4136

Dated:  June 23, 2020